IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:09-CR-0179 |
| v. | : | (J. Rambo) |
| BRANDON WALLACE | : | |

**M E M O R A N D U M**

Before the court is Defendant Brandon Wallace's motion to suppress physical evidence obtained during a search of his vehicle. (Doc. 32.) The parties have fully briefed this issue, and the court held a hearing on September 29, 2009. The motion is now ripe for disposition. For the reasons that follow the motion will be denied.

I. **Findings of Fact**[1]

On April 14, 2009, Defendant was arrested, and subsequently charged, with possession with intent to distribute marijuana and fifty grams or more of cocaine base both in violation of 21 U.S.C. 841(a), and criminal conspiracy of the same.

Defendant's arrest came after police had been investigating him for approximately three months in connection with various drug buys. During some of the transactions, Detective Jason Paul, with the Harrisburg City Police Department,

---

[1] The facts in this case are not complicated, and are not disputed. As such, they will be taken from the parties' briefs as well as the from the testimony presented to this court at the suppression hearing which consisted of Detective Jason Paul for the government and Defendant.

observed Defendant driving a tan Buick with the license place tag GZT 8770.  On the date of Defendant's arrest, Detective Cornick observed Defendant exit this same tan vehicle and approach the arresting officers.  As Defendant was being arrested, Detective Cornick stayed with the tan Buick until a tow truck arrived and the car could be taken into police custody.  Detective Cornick stayed with the vehicle the entire time.

The same day Defendant was arrested, Detective Paul filled out an affidavit of probable cause and an application for a search warrant.  A search warrant was than issued by a Magisterial District Judge ("MDJ").  The affidavit of probable cause described a tan Buick bearing the license plate GZT 8770, as being the vehicle police wished to search.  However, Detective Paul inadvertently listed a tan Buick with a license place of GZP 8770 in the application for a search warrant.  This is the application the MDJ approved.  A subsequent search of the vehicle, the one bearing the GZT 8770 tags, which had been in police custody since Defendant was seen leaving it, yielded one and one half pounds of marijuana and four and one half ounces of crack cocaine.

## II.        Discussion

Defendant argues that the evidence obtain from the search of his vehicle should be suppressed because the search warrant improperly identified the place to be searched as a tan Buick with a license plate tag of GZP 8770.  The government counters that not only was the warrant sufficiently specific, but that even if there was a clerical error, the police acted in good faith when executing the potentially defective warrant.  The court agrees with the government.  The typo in

the warrant did not render it facially invalid, and the police acted in good faith in its execution.

For a warrant to survive Constitutional muster it must, 1) be based on probable cause, 2) be supported by a sworn affidavit, and 3) describe with particularity the place to be search and the things to be seized. *See Groh v. Ramirez*, 540 U.S. 551, 557 (2004). The issue before the court is whether the typographical error in the warrant rendered it invalid because it did not describe the place to be searched with sufficient particularity. Because the minor typographical error could easily be resolved by a glance at the affidavit of probable cause and because the police acted in good faith, the evidence will not be suppressed.

### a. Particularity

In *Goth v. Ramirez, supra*, the United States Supreme Court distinguished warrants which are not sufficiently particular from those which may contain a "mere technical mistake or typographical error," implying the latter as being Constitutionally permissible. 540 U.S. at 558; *see also United States v. Jackson*, 617 F.Supp.2d 316, 324 n. 7 (M.D. Pa. 2008). Furthermore, affidavits, even when not explicitly referenced in the warrant, can still be referenced for clarification when "the warrant contains an ambiguity or clerical error." *Doe v. Groody*, 361 F.3d 232, 240 (3d Cir. 2004). "Reliance on the affidavit [to resolve typographical errors] neither broadens nor shrinks the scope of the warrant, but merely rectifies a minor irregularity." *Id.*

The warrant in this case contained a minor typographical error. This error could easily be rectified by a quick glance at the affidavit of probable cause.

The inadvertent substitution of a 'P' for a 'T,' did not invalidate the warrant's particularity.[2]

### b. Good Faith

Even assuming the typographically error rendered the warrant insufficiently particular, the police officers in this case acted in good faith when executing the search warrant on Defendant's vehicle.

> [S]uppression of evidence is inappropriate when an officer executes a search in objectively reasonable reliance on a warrant's authority. The Supreme Court developed the exclusionary rule to deter unlawful police conduct. However, where law enforcement officers act in the objectively reasonable belief that their conduct does not violate the Fourth Amendment, the marginal or nonexistent deterrent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion. Therefore, if an officer has obtained a warrant and executed it in good faith, there is no police illegality and thus nothing to deter.

*United States v. Ninety-two Thousand Four Hundred Twenty-two Dollars and Fifty-seven Cents*, 307 F.3d 137, 145 (3d Cir. 2002) (internal citations omitted).

The police in this case acted on what they believed was a valid warrant and did so in good faith. Detective Paul testified that he was not aware of the clerical error he had made in his application or in the warrant. There is no improper conduct which the court needs to deter in this case, and therefore the exclusionary

---

[2] At the suppression hearing, Defendant argued that the registration number should be stripped from the warrant completely. Even if the court were inclined to do that, the warrant could still arguably be valid as it described a tan Buick which police had in their custody since the time of Defendant's arrest.

4

rule simply does not apply, and the evidence obtained in the search of Defendant's car will not be suppressed.[3]

**III.     Conclusion**

For the foregoing reasons, the court will deny Defendant's motion to suppress. (Doc. 32.) The court will issue an appropriate order.

                                             s/Sylvia H. Rambo
                                             United States District Judge

Dated: September 30, 2009.

---

[3] Although arguably not relevant, it should be noted that the police in this case searched the vehicle they intended to search. They did not search a tan Buick with a license plate number of GZP 8770, a hypothetical vehicle which would have no relation to this case. Instead they searched the tan Buick with license plate number GZT 8770, the same vehicle Defendant was seen driving during previous drug transactions; the same vehicle he was seen exiting from right before his arrest; and, the same vehicle which Detective Cornick remained with till it was towed to the police impound lot. Although the good faith exception would apply either way, it is clear that the police were in no way confused as to which vehicle they intended to search in this case, but simply made a clerical mistake on their application for a search warrant.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:09-CR-0179 |
| v. | : | (J. Rambo) |
| BRANDON WALLACE | : | |

## **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendant's motion to suppress physical evidence, (Doc. 32), is **DENIED.**

This case remains on the November 2009 trial list with jury selection to be held at 9:30 a.m. on November 2, 2009, in Courtroom 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.

                                                     s/Sylvia H. Rambo
                                                     United States District Judge

Dated: September 30, 2009.